IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00848–DME–KMT


UNION BAPTIST CHURCH d/b/a Union Missionary Baptist Church,
DR. GREGORY D. JOHNSON, individually and as President and Pastor of Union Baptist Church,
SISTER HELENE WARD, individually and as Director/Trustee of Union Baptist Church;
BROTHER JAMES ANDERSON, individually and as Director/Trustee of Union Baptist Church,
SISTER MARGARET BASS, individually and as an Officer/Secretary/Treasurer of Union Baptist Church,

    Plaintiffs,

v.

BRADSHAW MURPHY,
CALVIN PATRICK,
CHARLEY PETTES,
LARRY EVANS,
SANDRA COATES,
CARAMEL ROUSE,
DIAN MCMILLON, and
PAULA CROWE,
individually and as members of Union Baptist Church,
CITIWIDE BANK,
AMBROSE SLAUGHTER, individually and as a secondary employee member of the Denver Police Department,
JAY SCOTT, individually and as a secondary employee member of the Denver Police Department, and
THE DENVER POLICE DEPARTMENT,

    Defendants.

    And

CITYWIDE BANKS, a Colorado state-chartered banking corporation

    Third-Party Plaintiff,

v.

UMB BANK COLORADO, a Colorado corporation,

       Third-Party Defendant.

---

**ORDER SETTING SETTLEMENT CONFERENCE**

---

       A settlement conference is hereby scheduled in this case for **September 11, 2008,** at **9:00 a.m.** in Courtroom A-601, sixth floor, of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

       Counsel shall have parties present who shall have full authority to negotiate all terms and demands presented by the case, and full authority to enter into a settlement agreement, including an adjustor if an insurance company is involved. "**Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency**. If the representative attending the settlement conference can only receive authority to increase a pre-determined amount of money by making a telephone call to someone else, the person to whom the phone call is made is the correct participant in the settlement conference. If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority." **This requirement is not fulfilled by the presence of counsel**.

       **The court will consider awarding attorneys fees and costs against a participant in a settlement conference who arrives at the conference without full authority as outlined above.**

       No party shall be permitted to participate in the settlement conference by telephone, unless that party has obtained leave of court following the filing of an appropriate motion no later than five business days prior to the settlement conference date.

       No person is ever required to settle a case on any particular terms or amounts. However, again, if any person attends the settlement conference without full authority, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side.

       In order that productive settlement discussions can be held, counsel shall prepare and submit **two** settlement documents: one to be submitted to the other party or parties, and one Confidential Settlement Statement to be submitted by e-mail only to Magistrate Judge Tafoya. The documents which are presented to opposing counsel shall contain an overview of the case

from the presenter's point of view, shall summarize the evidence which support that side's claims, and may present a demand or offer. These documents should be intended to persuade the clients and counsel on the other side.

The Confidential Settlement Statement prepared for and presented to Magistrate Judge Tafoya should contain the following information:

1. A summary of the evidence, including:

    a. a *numbered list* of the known significant disputed issues of fact; and

    b. a *numbered list* of the known significant disputed legal issues.

2. A candid assessment of the case from the presenter's point of view.

3. Remarks toward any perceived weaknesses in the case.

4. An *accurate and complete* history of settlement negotiations, including dates, if known, and amounts of demands and offers.

5. A computation of damages, including the theory of calculation and any legal limitations on damages, and a demand or offer each client will accept or pay in settlement *(including any essential non-economic terms)*.

6. Any observations or additional information which would be helpful to Magistrate Judge Tafoya in assisting the parties to negotiate a settlement.

The document is to be emailed to Magistrate Judge Tafoya (<u>not</u> submitted for filing to the court) at *Tafoya_Chambers@cod.uscourts.gov*, in accordance with the electronic filing procedures of this court, and shall contain copies of the materials submitted to the other parties. The settlement documents shall be submitted **no later than five business days** prior to the date of the settlement conference. Statements and exhibits consisting of more than 30 pages are to be submitted to Magistrate Judge Tafoya's chambers in hard copy via regular mail or hand delivery.

Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification.  *See* D.C.COLO.LCivR 83.2B.

DATED this 30th day of July, 2008.

                                        BY THE COURT:

                                        s/ Kathleen M. Tafoya
                                        United States Magistrate Judge